CHARLES ARMSTRONG and WILLIAM BROWN, Administrators, &c., *Appellees,*

*vs.*

PHILARMON PRATT and others, *Appellants.*

APPEAL IN EQUITY FROM SAUK CIRCUIT COURT.

Where a person, in equity proceedings, is regularly made a party by the bill, and he appears and answers, he becomes a party to the suit.

It is not necessary in equity, that all persons whose interests are similar, shall join as complainants; but the rule is, that all persons interested in the subject or object of litigation must be made parties, either complainant or defendant, so as to enable the court to do complete justice to all, and to make a final disposition of the whole matter.

It is sufficient in equity, that all parties interested in the subject matter of the suit be before the court, either as complainants or defendants.

Where set-offs or other conflicting claims may arise between the complainant and any of the defendants, which it may be desirable to litigate, the proper remedy is a cross bill.

And when the court cannot make a complete decree on account of the conflicting interests of parties defendant, it will sometimes suspend the further hearing, and order a cross bill to be filed.

Accounts accruing subsequent to the death of the intestate, cannot be set off against demands included in the assets of the estate.

The appellees in this cause filed a bill in the Circuit Court of Sauk county, to foreclose a mortgage executed by Philarmon Pratt, one of the appellants, which mortgage was executed and delivered to one George W. Brown, since deceased, and was given to secure the payment of seven promissory notes, amounting in the aggregate to the sum of $4,700 and interest.

The mortgage was dated the 24th of November, 1847, and the whole sum, by the terms of the notes and mortgage, was to be paid in five years from date. The bill sets forth the notes and mortgage in question,

Dec. Term
1853.

Armstrong
and Brown
vs.
Pratt et al
and also that they were given for the purchase price of the mortgaged premises ; that soon after the execution thereof, the said mortgagee died, and the appellants became administrators of his estate, by due process of law. It also alleges that one of the notes, amounting to $150, was paid by Pratt to the administrators, but that two of the other notes were not paid voluntarily by the defendant, and a suit at law was commenced by the administrators in the Circuit Court, and a judgment was obtained, upon which three executions were issued, and returned unsatisfied.

The bill further alleges that one of said notes, for the sum of $975 and interest, payable in two years from date, was duly assigned by the administrators to one Chauncey Brown, Jr., before the same became due; which note was so assigned to secure the said Brown for a debt due from the said George W. Brown. A portion of this note was voluntarily paid to the said Chauncey Brown, Jr., by the defendant— to wit: about the sum of $600; a suit was commenced to recover the balance, and a judgment recovered in the County Court, upon which an execution issued, and was returned unsatisfied in part. The bill prays that the said Chauncey Brown may be made a party to this suit.

It is also alleged that another of the said notes, for the sum of $975 and interest, payable in three years from date, was duly assigned to the firm of Peck & Keep, of Whitewater, and has been paid by the defendant Pratt; that the two remaining notes, for the payment of $975 each, are now in the possession of the administrators, and are unpaid.

The bill further alleges that the defendant Pratt pretends to have an offset against a part of the de-

mand aforesaid, in the sum of two hundred and twenty-five dollars and eighty-nine cents, for work and labor, materials, goods, money, &c.; which said items, as the appellees charge, are not a set-off to any part of the said demand, because the items accrued, if ever, after the death of the said George W. Brown, and have been once submitted in a set-off in an action at law on one of said notes, to wit: the note assigned to Chauncey Brown, Jr., and were rejected by the County Court as a set-off to said demand.

Dec. Term 1853.

Armstrong and Brown vs. Pratt et al

The bill prays for a decree that the said Philarmon Pratt shall pay the amount which shall be found to be due on the said judgment aforesaid, and the amount that may become due on the two notes now in possession of the administrators, and asks for a sale of the premises, in default thereof.

To this bill, Chauncey Brown, Jr., one of the defendants, made a separate answer, in which he admits all the allegations set forth in the said bill, and prays that if a decree be made for the sale of the premises, that the court will decree that the proceeds arising therefrom be applied as well to the payment of the amount due him upon the note assigned to him, mentioned in the said bill, as also to the payment of the amount due the complainants by virtue of the notes described and set forth in their said bill, in such portions, and in such manner and form, as to this court shall seem equitable.

The defendant, Philarmon Pratt, put in a separate answer, in which he admits the execution of the notes and mortgages, and the obtaining of the judgments, and the amounts now due thereon, as is set forth in the bill. He also says that the judgment aforesaid in favor of the said Chauncey Brown, Jr., was and is the

Dec. Term
1853.

Armstrong
and Brown
vs.
Pratt et al

property of the said Chauncey Brown, Jr., and that he ought to have joined with the complainants in their bill, so as to enable this court to determine upon and ascertain the amount due from this defendant, and secured by the said mortgage, and that the said complainant ought to have joined with the said Chauncey Brown, Jr., in their said bill as a co-complainant, and that for this neglect they ought not to be allowed to proceed. That by reason of such negligence and default, they are not entitled to the relief prayed for ; but if they are allowed to proceed without joining with them the said Brown, Jr., it would render this defendant liable to another suit, upon the complaint of said Brown, Jr., thereby multiplying suits, and causing additional trouble to this defendant, without resulting in any benefit or advantage to the complainants ; and for this reason the bill ought to be dismissed.

Further answering, the defendant says, that in case the said bill shall be maintained, he prays leave to prove that the administrators are indebted to this defendant, by reason of work, labor, materials, moneys, &c., laid out and expended by this defendant to and for the said George W. Brown in his lifetime, at his request, in the sum of $225.89. He here sets out the items of said indebtedness, and alleges that the said sum was expended in repairing a certain dam in the possession of the administrators, as property owned by the said George W. Brown at the time of his decease, and that said work was done by the request of said complainants. This defendant says that the whole of said sum of money remains due at this time, together with an account for repairs done upon real estate in the hands of said administrators, for materi-

als furnished therefor, amounting to the sum of $84.42.

All of which sums of money this defendant prays may be allowed as a set-off to the demands of said complainants, and that they may be proved as the court shall direct.

The cause was heard upon the bill of complaint of the complainants and the answers of Philarmon Pratt and Chauncey Brown, Jr., and upon the report of the court commissioner. It appears from the report of the commissioner, that there was due the complainant, for principal, interest and costs, the sum of $2,980.97, and to the defendant, Chauncey Brown, Jr., the sum of $559.40. It was thereupon adjudged and decreed that the said report stand ratified and confirmed, and that the mortgaged premises be sold to satisfy the said amounts. The decree was in the usual form, and the set-off claimed by the defendant Pratt was rejected, for the reason that it was not a demand existing at the time of the death of the intestate.

From this decree the defendants brought an appeal to this court.

*Clark & Knowlton,* for the appellees.

We hold that the decision of the court below is correct; for such demands only as existed against the intestate at his decease, and at that time belonging to the defendant, can be admitted as set-off in suit brought by administrator for demands due his intestate from the defendant. To authorize set-off, the debts must be mutual, and to constitute mutuality, the debts must be due to and from the same person in the same capacity.

Claims arising after the death of an intestate against his estate must be disallowed as set-off against any

Dec. Term
1853.

Armstrong
and Brown
vs.
Pratt et al
demand which is included in the assets of the estate, as affecting the equal distribution thereof, and tending to the prejudice of claims of other creditors.

In all cases of promises, express or implied, made to or by the administrator after the decease of his intestate, the action must be brought against or in favor of the administrator personally. *Root vs. Taylor*, 20 *J. R.* 137 ; *Dale et al. vs. Cook*, 4 *Johns. Ch. R.* 11 ; *Digest of N. Y. Reports*, 25 ; *Fry vs. Evans*, 8 *Wendell*, 530 ; *Mercein vs. Smith*, 2 *Hill*, 210 ; *Hill vs. Tallman's Administrators*, 21 *Wend.* 674 ; *Wharton's Digest*, 1102 ; *Beeson vs. McNabb*, 2 *Barr*, 412 ; *R. S. ch. 94, sec. 6, and paragraph 7 of sec. 1 ; Rev. Statutes, p. 414, sec. 8.*

*Collins, Smith & Keyes*, for the appellants.

The decree in this cause is erroneous, and ought to be reversed,—

1. Because Chauncey Brown, Jr., (in whose favor a decree is made) is not a complainant, and is not a party defendant. No process being prayed against him, he could not be a defendant, save on application and leave of the court. *Edwards on Parties*, 1, and decisions there cited.

2. A decree is made in favor of Chauncey Brown, Jr., against the appellant, his co-defendant, on Brown's unauthorized answer, to which the appellant had and could have no reply, and no opportunity to traverse and contest.

3. The answer of Chauncey Brown, Jr., is not on oath, and is no evidence in this cause for any purpose, and especially against the appellant.

4. The appellant's answer, as to payments and offset, &c., to the mortgage sought to be foreclosed, is re-

sponsive to the bill in this respect, and denies the ma-
terial facts stated and charged in the bill, and no rep-
lication being filed to it, must be taken as true. *Sto-*
*ry's Eq. Pl. sec.* 849, *&c.,* 887 *and notes ; Mitford's*
*Eq.* 321 *and notes,* 382, *and* 50 *and note.* The de-
cree on bill and answer, and report of master, is in-
consistent with the case thus made. Defendant is al-
lowed no set-off or payment.

5. The interest of one of the defendants, Chauncey
Brown, Jr., (that is, who appears and answers,) is
identical in character with that of the complainant's,
and he should have been a complainant, or have filed
his cross bill, to lay the foundation for the decree in
his favor. *Contee vs. Dawson,* 2 *Bland,* 264; *Story's*
*Eq. Pleading.*

The mortgage mentioned in the pleadings is an en-
tirety, and cannot be severed, and all claiming under
and by it, should occupy the same place as parties in
seeking to foreclose.

*By the Court,* Smith, J. The objections to the de-
cree of the court below are—1st, Because Chauncey
Brown, Jr., (in whose favor a decree is made) is not
a complainant, and is not a party defendant. No
process being prayed against him, he could not be a
defendant, save on application and leave of court.
This objection is founded upon a mistake. On inspec-
tion of the record, it appears that the defendant,
Chauncey Brown, Jr., was regularly made a party de-
fendant to the bill, and process prayed against him,
and he appeared and answered.

We are unable to perceive the force of the argu-
ment, that as the interest of Chauncey Brown, Jr., as

U

assignee of one of the notes secured by the mortgage, is similar to that of the complainants, he ought to have joined as complainant. The rule in equity is, that all persons interested in the subject matter of litigation, must be made parties, so as to enable the court to do complete justice to all, and to make a final disposition of the whole matter. But it is not essential that all those having similar interests should join as complainants. Such a rule would be exceedingly inconvenient, if not impracticable. It is sufficient in equity, that all parties interested in the object of the suit should be before the court, either in the shape of plaintiffs or defendants. *Wilkins vs. Fry*, 1 *Met.* 262 ; *Story's Equity Pl., sec.* 74, *a.* The defendants Pratts complain, that by joining Chauncey Brown as a co-defendant, they have been deprived of interposing a defence to the note held by him. Not at all. They had ample opportunity to question the equity or legality of that demand, if they had any grounds for so doing, by filing a cross bill, requiring Chauncey Brown to answer to the defence they desired to interpose. That was the proper practice ; and by omitting to avail themselves of it, the court below was right in presuming that no defence existed. It not unfrequently happens, that persons of opposite interests in the subject matter are made co-defendants. In such case, a cross bill should be filed. And when the court cannot make a complete decree, on account of the opposite interests of the defendants, it will sometimes suspend the further hearing, and order such cross bill to be filed. But there was no occasion for the court below to do this. The indebtedness upon the note held by Chauncey Brown is admitted in the

answer of Pratt, and his objection is merely technical,
and formed no impediment to a final decree.  *Story's*
*Eq. Pl.* 313--316.

The only remaining point to be considered, is in
regard to the set-off claimed by the defendant, and
set forth in his answer.  The insuperable objection to
the allowance of the greater portion of the set-off is,
that by the defendant's own showing of dates, the
greater part of it accrued subsequent to the death of
the intestate, and such claims cannot be set off against
demands included in the assets of the estate.  The
authorities cited by the counsel for the appellees are
conclusive upon the subject.

Some of the items set out in the answer, however,
accrued previous to the death of the intestate, and
were the proper subject of set-off, and should be al-
lowed.  They amount to about eleven dollars, or
thereabouts; but whatever may be their amount, the
appellees are willing now to allow it, and to remit so
much of the decree.  This being done, we see no rea-
son why the decree of the Circuit Court should not
be affirmed.

On filing a *remittitur* for the amount of the items,
which, by their date as set out in the answer, accrued
prior to the death of the intestate, as the same ap-
pears by the bill and answers, the decree of the Cir-
cuit Court will be affirmed.