WM. GEISSE AND OTHERS, Appellants,

*vs.*

SAMUEL W. BEALL AND OTHERS, Appellees.

APPEAL IN EQUITY FROM THE FOND DU LAC CIRCUIT COURT.

A trustee under an assignment for the benefit of creditors, is bound to disclose upon proper application or complaint of the *cestuis que trust*, all of the trust property of every description which may have come to his hands; and it is no excuse for refusing to account, that the assignment under which he holds, is fraudulent as against creditors.

A voluntary assignment for the benefit of creditors is void, if void at all, as against creditors only, and it is optional with them to treat the assignment as void, and disregard the claims of the trustee or assignee, or to hold him to an accountability for the trusts which he has voluntarily assumed.

The fact that one or more of the creditors mentioned in an assignment allege a fraudulent preference in favor of the other creditors, is no reason why a court of equity should refuse to hold the assignee to accountability.

The fact that the creditors, or *cestuis que trust* named in an assignment have made arrangements in regard to the distribution of the estate, proportionally different from that prescribed by the assignment, cannot be made available to the trustee in avoidance of his liabilities as such.

The duties and obligations of the assignee are created by the deed, and they can neither be enlarged, diminished or varied by any arrangement between the *cestuis que trust*, without his consent.

A court of equity has power to remove a trustee, and will do so when the safety of the fund or the due execution of the trust shall require it.

A creditor of an assignor, though the assignment be void on its face as against creditors, may nevertheless treat the assignment as valid by adopting it, but he cannot hold it good in part and bad in part; if he ratifies it at all he must stand by it.

All the parties who are interested in the object or subject matter of a suit in equity, ought to be made parties to the suit, but it is generally sufficient if they are brought before the court either as complainants or defendants.

A trustee cannot lawfully appropriate the trust property to his own use, although he charge himself with the cost price thereof, nor become a purchaser at his own sales, whether the same be public or private, or barter or traffic with the trust property. He has no right to use for his own benefit the proceeds arising from the sale of the estate, though he may think himself, and though he may actually be solvent.

A trustee may not become a judge of the value of his own services, and offset

JUNE TERM 1854.

Geisse et al.
vs.
Beall et al.

the money or goods appropriated from ʳthe estate. against the same in gross without specification and detail, even where a compensation is provided; his compensation must be awarded upon account rendered.

Where a trustee refuses and neglects to account upon proper and reasonable application, or neglects or refuses to execute the trust in a proper and legal manner, or converts the trust estate to his own use, or otherwise becomes un. faithful to the duties and obligations which he has assumed as such trustee, a court of equity will remove him and provide other agencies for the due execution of the trust.

This is a bill filed by the complainants, to remove the defendant Beall, as trustee under an assignment executed by Charles Geisse to said Beall, in trust for the benefit of the creditors of the said Charles Geisse, for an account, injunction and other relief. The bill was filed by William Geisse, Edward C. Geisse, Herman C. Geisse and Theodore Geisse, partners under the name of Wm. Geisse & Sons, and Herman C. Geisse on his own behalf, all of Philadelphia, in the State of Penn., against Samuel W. Beall, Charles Geisse and numerous other defendants, all of whom, except Beall and Charles Geisse, are alleged to be the creditors of the said Charles, and interested in the trust estate under the assignment set forth in the bill.

The bill alleges that on or about the 18th of March, 1850, Charles Geisse then and theretofore a merchant doing business at Fond du Lac, being unable to meet his liabilities, for the purpose of making provision for his creditors, executed an assignment to the defendant Beall, of all his estate, real and personal, in trust for the benefit of his creditors, preferring some of them, specifying the creditors to be preferred, debts to be paid, &c.

The bill further alleges that the defendant Beall accepted the trust, created by the said assignment, and immediately entered upon, and took possession

of the estate thereby conveyed, which consisted of goods, wares and merchandize in the stores of the said Charles at Fond du Lac and Taycheedah ; also, notes, bills, bonds, books of account, and other property of the value of twenty or twenty-five thousand dollars.

That the said Beall, from the time of accepting and entering upon the duties of the trust, managed the said trust in an indiscreet, imprudent and fraudulent manner ; that he had taken the goods of the trust estate, appropriated them to his own use, charged them in account to himself at a price far below their true value ; that he had made fraudulent and collusive sales of flour and other property at a pretended price, far below the real market value ; and that he had appropriated property belonging to said trust estate to his own use without accounting therefor ; that he had proposed to sell large quantities of goods belonging to said estate at prices far below their value, with a view to their being re-sold by such purchaser for their joint benefit ; that he had appropriated a large amount of money, to wit: about two thousand dollars, in the construction of a dwelling house for himself at Taycheedah.

The bill also charges on information and belief that the said defendant Beall, had disposed of a large amount of the trust estate, and had received therefor in money some $5,000.00, and that he had appropriated the same to his own private use and benefit, or that he had squandered the same, and that he intended to convert the whole of the trust estate to his own use, and then to endeavor to effect a compromise with those interested ; and for that purpose was proposing to sell the said estate, and that he had advertised to

June Term 1854.

Geisse et al. vs. Beall et al. sell what remained of said estate in his hands, on the 16th day of December then next ensuing ; that his accounts of the sales of the property were kept in a loose and careless manner, the more effectually to defraud the parties interested in the said estate ; and that the said Beall was hopelessly insolvent, and that if the trust estate was permitted to remain in his hands, and subject to his control, it would be entirely lost to the parties interested therein, and the object of the assignment be defeated ; that he had been called upon frequently to account, but had neglected and refused so to do.

The bill prays that the said Beall may be removed, that some proper person may be appointed in his place, for an account, for an injunction and for general relief.

The defendant Beall answered separately, that, as to the allegation in said bill, that the said complainants and all the defendants named therein, except this defendant and Charles Geisse, are creditors of said Charles Geisse in the assignment named in said bill, he admits the same to be true by the terms of the assignment, but this defendant has been informed and believes, and so charges the fact to be, that William Geisse & Sons and others, in the said assignment named as creditors of the said Charles Geisse, but who particularly this defendant is not able to state, have re-assigned to the said Charles Geisse, their rights and interests under the said assignment, and that they now hold and have no interest in the said assignment or the property or debts therein named, or at most, a contingent interest, of the precise nature or extent of which this defendant is not informed and therefore cannot state, but this defendant is informed

June Term
1854.

Geisse et al.
vs.
Beall et al.

and believes, and therefore charges the fact to be, that the complainant, Herman C. Geisse, caused to be procured from most of the defendants named as creditors of Charles Geisse in said bill of complaint, a re-assignment or release of their several claims or demands against said Charles Geisse, but this defendant is unable to state who of the said defendants have so released or re-assigned their said claims to said Charles Geisse.

And this defendant further answering says, that he has no knowledge of the fact, whether the said defendants named in said bill, and the said complainants, constitute all the creditors of said Charles Geisse known to the complainants; but he is informed and believes that there are other creditors of the said Charles Geisse than those named in said bill of complaint.

That he admits that on the 18th day of March, 1850, the defendant, Charles Geisse, made, executed and delivered to this defendant a deed of assignment as stated in said bill of complaint, and that the defendant accepted of the same, and entered upon his duties as assignee, as provided in said bill of assignment, and took possession of the property mentioned in said assignment.

That it is untrue as stated in said bill of complaint, that this defendant has managed the trust estate therein mentioned in an indiscreet, imprudent or fraudulent manner, but has to the best of his ability managed the same in the best manner for the benefit of those interested therein; that the only deterioration or loss upon the said trust estate, which has occurred to his knowledge or belief, has occurred as the inevitable consequence of the three several injunctions is-

JUNE TERM 1854.

Geisse et al.
vs.
Beall et al.

sued out of this court at the suit of Charles Geisse and Herman C. Geisse, and of the said complainants respectively; that except when so restrained, this defendant has used all prudence, diligence and urgency in realizing the trust estate to the best and utmost of his ability.

That it is untrue that this defendant made a fictious sale of forty-eight barrels of flour of the said trust estate, or of any other quantity at less than market price, or that this defendant received any benefit to himself from any such sale; but this defendant says that he sold the flour mentioned in said bill of complaint *bona fide* for the market price at the time of such sale.

And this defendant further answering, says, that it is untrue, as stated in the said bill, that this defendant has squandered or appropriated to himself all or any of the said trust estate, or of the avails thereof, except as to the amount charged to himself, as hereintofore stated, for any use or purpose whatever.

That it is untrue that this defendant has any desire to convert said trust estate, or any part thereof, to his own use, and then endeavor to effect a compromise with the persons interested therein.

And the defendant further answering says, that it is untrue as stated in said bill, that this defendant has offered or tried to sell any of the goods of said trust estate in an improvident manner, or that deponent's accounts of sales thereof are kept in a loose or careless manner, for any purpose whatever.

And this defendant further answering says, that it is untrue, as stated in said bill, that the said complainants have ever, by themselves or their agents, applied to this defendant for an account of the trust

property or of his application thereof, or that he June Term 1854.

Geisse et al.
vs.
Beall et al. should apply the same in accordance with the said assignment, or that this defendant refused to comply with such request, except that the said Herman C. Geisse has applied to this defendant for money on account of said assignment, while a creditor's bill against the said Charles Geisse was pending, to which this defendant was made a party as a trustee or garnishee of the said Charles Geisse, with the desire, as this defendant understands and believes, of contesting the validity of the said assignment, and the bona fides of the preferences therein given to the said Herman C. Geisse and the said complainants : that upon filing the said creditors' bill by the firm of Wilson & Slauson mentioned in the bill in this cause, this defendant believed it to be his duty to make inquiries as to the validity of the claims of said complainants and Herman C. Geisse, and upon these inquiries defendant believes these said claims to be of very doubtful validity ; that defendant thereupon was consulting upon his duty under these circumstances, when the present system of litigation was commenced against him, and as he believes, for that reason only.

And this defendant further answering says, that to the best of his recollection or belief, he has not ever received any moneys belonging to the said trust estate which he has not entered on some of the books of account of the said estate in a proper way and place.

That the said trust estate consisted of two stores of goods and other personal property distinct from either ; that different sets of books were kept of necessity ; that this defendant caused to be inventoried all the assets received by him under the said assign-

June Term
1854.

Geisse et al.
vs.
Beall et al.
ment of every description, and has preserved such inventories, and that such inventories and books of account will show all his receipts and dealing in and about the said trust estate.

And this defendant further answering says, that prior to the filing of the said creditors' bill as hereinbefore stated, this defendant paid to said Herman C. Geisse, in accordance to the terms of said assignment, the sum of about three hundred and eighty dollars and ninety-two cents ; that he was advised by counsel, that while said creditors' bill was pending he would not be safe in applying any moneys or funds, or distributing or disbursing the same, under the said assignment, and for that reason, and on account of the several injunctions issued out of this court, he has made no other or further application of the funds under and in pursuance of said assignment.

That the whole amount charged to this defendant for goods, or received by him in goods, is far less than his reasonable compensation for the execution of the trusts of said assignment to this time.

That it is untrue as stated in said bill, that this defendant has appropriated to his own private use the sum of two thousand dollars, or any other sum of the trust estate, in the construction of a dwelling house for himself at the village of Taycheedah, except the sum of forty dollars, which was charged in his said account; and that to the best of this defendant's recollection or belief, he has not used or appropriated any other property of the said trust estate in the construction of said dwelling house.

And this defendant further answering says, that it is untrue, as stated in said bill of complaint, that this defendant is hopelessly insolvent, or at all insolvent ;

that this defendant, so far as he knows and believes, is solvent, and able to discharge all his liabilities.

And this defendant further answering says, that the great majority of all the bills receivable, and accounts due said trust estate, have long been in the hands of Gillett, Truesdell & Tyler for collection, but that the collection thereof has been stopped and delayed by the three several injunctions issued by this court.

All which matters and things this defendant is ready to maintain and prove as this court shall direct, and prays to be hence dismissed, with his reasonable costs and charges in that behalf most wrongfully sustained.

Wilson and Slauson jointly answered, that these defendants recovered a judgment in the Circuit Court for the county of Fond du Lac, in the State of Wisconsin, against the said Charles Geisse, in said bill named, for two thousand dollars and upwards, which still remains in full force, entirely unsatisfied or reversed.

That they are informed and believe it to be true, that the said Charles Geisse did, at the time in said bill mentioned, execute to the said Samuel W. Beall an assignment in substance as set out in the said bill of complaint, and that the said Beall afterwards took possession of the property mentioned in said assignment, and still holds the possession thereof. But these defendants say, that the said assignment as they are informed and believe, was made · with the fraudulent intent to hinder and delay these defendants in the collection of their debt against the said Charles Geisse ; that some time previous to the execution thereof, as the said Wilson avers of his own knowledge, and the said Slauson from information and be-

JUNE TERM 1854.

Geisse et al.
vs.
Beall et al.

lief, the said Charles Geisse being pressed, by these defendants for the payment of his debt to them, said that he had an assignment drawn up but not delivered, which he should deliver and carry into effect if they crowded him, and threatened to delay these defendants in the collection of their said debt, in case they did not give him such further time for the payment thereof as he needed.

And these defendants further answering say, that they are informed and believe that the said pretended indebtedness to the said Herman C. Geisse, and William Geisse & Sons in said assignment and in said bill set up, does not exist, but is in whole or in part fictitious and fraudulent, and is set up for the purpose of more effectually covering up the property of the said Charles Geisse, and keeping the same out of the reach of his creditors, and leave the complainants to make proof thereof as they shall be advised.

And they are informed and believe, and therefore charge, that the said Charles Geisse, some time previous to the assignment, conveyed to the said William C. Geisse real estate worth over $10,000, under pretence of paying a large debt to W. C. Geisse & Sons, including H. C. Geisse, and that by said conveyance the debt if any was theretofore due from said Charles Geisse to said H. C. Geisse or said William C. Geisse & Sons, was wholly paid and discharged.

To this answer the complainants filed a general replication in the usual form.

Several witnesses were produced, who testified in substance, that on the 18th of March, 1850, Beall took possession of the goods and stores, and the notes and accounts under the assignment; that the value of the assigned property was over $20,000, including

JUNE TERM 1854.

Geisse et al.
vs.
Beall et al.

the debts ; that he also took possession of a quantity of flour, a part of which was in barrels ; that it was worth about four dollars per barrel at the time Beall took it, and that soon after it rose to seven dollars, and that he sold the flour at four dollars per barrel.

It was also proved that the money received for goods and merchandize was kept in a safe exclusively for the assigned property, and that Beall took money from it one or twice ; that at one time he took $200 ; that he paid several of his own debts out of the as· signed property.

It was also proved that Beall had been and was the attorney of Charles Geisse, and that he (Beall) said he had been hard at work to bring about the assignment ; that goods were taken by Beall for family purposes, and that he had money from the store at various times and in different amounts, and that money was paid out of the store on Beall's orders at several and different times ; that the inventory value of the stock of goods in the store at Fond du Lac at the time of the assignment was about $5000 ; that goods were sold at all prices as bargains could be made— some below cost and some at a small profit, and others for what could be obtained ; that goods were charged to Beall at their cost value ; that some of the goods were exchanged for paints and oils for his (Beall's) house, at cost prices ; that no one but Beall and his family had goods from the store without contract of purchase ; that the money received for the sales was paid to Beall at different times, by the clerks in said store, and that at various times cash was paid out by the direction of Beall on account of his own debts, &c. ; that one account of thirty dollars belonging to the store was paid in carpenter's work on Be-

June Term
1854.

Geisse et al.
vs.
Beall et al.
all's house, and that a portion of timber in said house belonged to the assigned property.

It was also proved that a proposition was made to Beall on behalf of H. C. Geisse, that Beall should surrender the trust property on being indemnified, and that Beall should give security to account for the assets and money he had collected as assignee, and that he should give a schedule of the property ; to which Beall replied that he was willing to surrender the whole thing, but would give no security for what he had collected, and that there was no schedule, or that he would not give one ; that the said Beall had refused to give any account of said trust property received and possessed by him, and of his application thereof, and of the moneys received by him, according to the terms of said assignment, and that no application had been made of the trust fund to the objects of the trust.

There was also testimony of several witnesses residing in New York and Philadelphia, going to show the *bona fides* of the indebtedness of Charles Geisse to the complainants as alleged in the bill. Also the following agreement :

" In consideration of Messrs. William Geisse & Sons relinquishing all their claim in a certain assignment, made and executed by Charles Geisse to Samuel W. Beall in the month of March last past, and in consideration of the sum of one dollar to each of us paid by the said Charles Geisse, the receipt whereof is hereby acknowledged, we, the subscribers, and each and every of us, do hereby assign, transfer, convey and set over unto the said Charles Geisse and his assigns, all our interest, and the share, portion and interest of each and every of us respectively, of, in and to the

said assignment, and of in and to all and every of the

goods, merchandize and debts, choses in action, property and effects hereby assigned. To have and to hold to the said Charles Geisse, and his assigns forever, in trust, first, to pay and satisfy in full the claim and demand of Herman C. Geisse against the said Charles Geisse; and after payment thereof, secondly to apply whatever balance thereafter shall remain, to the payment of our respective demands *pro rata*, according to the amounts respectively of said claims and demand.

In witness whereof we have hereunto set our hands and seals, this twenty-ninth day of June, 1850."

Which was signed by the other creditors of Charles Geisse, among whom were the defendants, Wilson and Slauson; and also the following agreement signed by Wm. Geisse & Sons annexed thereto:

In consideration of the annexed instrument of transfer being executed and delivered by Grant & Barton and the other signers thereof, and also of Herman C. Geisse, being thereby provided to be first paid his claim and demand therein mentioned, which claim and demand amounts to the sum of ten thousand eight hundred and fifty dollars, we do hereby relinquish unto Charles Geisse and his assigns all our share, portion and interest in the assignment therein mentioned, in trust as therein mentioned, and for the purpose therein contained.

Dated Philadelphia, this 23d day of July, 1850.

There was also evidence showing that Beall was indebted to the Farmers & Mechanics Bank of Michgan in the sum of $6,500.00, and interest thereon since 1837.

After the argument the court below rendered a

June Term 1854.

Geisse et al.
vs.
Beall et al.
decree dismissing the complainants' bill. From which the complainants appealed.

*Peter Yates*, for the complainants.

*F. Randall*, for the complainants, Wilson & Slauson.

*By the Court*, Smith, J. This is a bill filed by the complainants, to remove the defendant Beall as trustee, under an assignment executed by Charles Geisse to said Beall, in trust for the benefit of the creditors of the said Charles Geisse; and for an account, injunction, and other relief.

The bill is filed by William Geisse, Edward C. Geisse, Herman C. Geisse and Theodore Geisse, partners under the name and firm of Wm. Geisse & Sons and Herman C. Geisse on his own behalf, all of Philadelphia, in the State of Pennsylvania, against Samuel W. Beall, Charles Geisse, and numerous other defendants, all of whom, except Beall and Charles Geisse, are alleged to be creditors of the said Charles, and interested in the trust estate under the assignment set forth in the bill, and the only creditors.

The bill alleges, that on or about the 18th day of March, 1850, the said Charles Geisse then and theretofore doing business as a merchant at Fond du Lac, in this State, being unable to meet his liabilities, and for the purpose of making provision for his creditors, executed and delivered on that day an assignment, to the defendant Beall, of all the estate of the said Charles, in trust for the benefit of his creditors, preferring some. That Beall accepted the trust, and entered into and took possession of the trust estate, to the value, as believed, of $20,000 or $25,000. That from the time of entering upon the trust, he, the said

Beall, had managed the trust estate in an indiscreet, imprudent and fraudulent manner, and had appropriated large amounts of the same to his own use, specifying instances and amounts according to the terms of the trust, and had failed to apply the same to the objects of the assignment, or to account in any manner for the same.

The defendant Beall, in his answer, admits the making of the assignment, and that he accepted, and entered upon the duties of the trust; denies, or attempts to explain or avoid the specific allegations of indiscreet or fraudulent management of the trust estate, and denies that he has appropriated the same or any part thereof to his own use, except as he has charged the same to himself. He also admits, that by the terms of the assignment, the complainants are the creditors of Charles Geisse, but says he has been informed and believes, that the complainants and others in said assignment mentioned as creditors of Charles have re-assigned to the said Charles, their rights and interests under the said assignment, and that they now have no interest in the trust estate, or at most a contingent interest therein, the precise nature and extent of which he is unable to state. He also denies that the said complainants have ever, by themselves or agents, applied to him for an amount of the trust property, or of his application thereof, or that he has refused to comply with such request, except that Herman C. Geisse has applied to him for money on account of said assignment, while a creditor's bill was pending against Charles, to which he (Beall) was made a party, as trustee, with the intention of contesting the validity and *bona fides* of the preferences given by the assignment to H. C. Geisse and the

June Term
1854.

Geisse et al.
vs.
Beall et al. other complainants; that this bill was filed by Wilson & Slauson, defendants herein, and on the filing thereof, he believed it to be his duty to make inquiries, as to the validity of the claims of the said complainants and Herman C. Geisse, and upon such inquiries, he believed the claims to be of doubtful validity; and that he was consulting upon his duty under these circumstances, when the present system of litigation was commenced against him, as he believes for that reason only.

The defendant Beall does not directly deny the validity of the claims of any of the *cestuis que trust*, under the assignment, nor allege any facts or circumstances which tend to render them questionable, even if such could be made available to him, nor does he attempt to give any amount or value of the property which came into his possession, though he admits he received the trust estate, nor of the disposition made of the same, (except in two or three instances in answer to specific charges in the bill, and those of trifling amount compared with the alleged value of the whole estate) nor does he allege any reason why he does not, or ought not to account.

Wilson & Slauson answer, that they are judgment creditors of Charles Geisse to the amount of $2000 and upwards. Admit the execution of the assignment, but allege, on information and belief, that the same is fraudulent and void, and was made to hinder and delay creditors. They also allege on information and belief, that the pretended indebtedness of Charles, to Herman C. Geisse and to Geisse & Sons, set up in the bill of complaint, has no existence in fact, but it is in whole or in part fictitious and fraudulent, and is set up for the purpose of more effectually

covering up the property of Charles Geisse. The June Term 1854.

Geisse et al.
vs.
Beall et al. other defendants did not answer.

A large mass of testimony was taken and submitted, and upon the hearing, the Circuit Court made a decree, dismissing the bill with costs. From this decree the complainants have appealed to this court.

It is quite obvious, that the interests of the defendants to this bill are very different. Wilson & Slauson only, of all the number, appear here to sustain the decree of the court below.

The complainants claim as *cestuis que trust*, under the assignment, and seek to render the trust estate available; to remove the present trustee, and to compel him to account for the estate which has come into his hands as such. This claim Wilson & Slauson resist, so far and so far only, as it may possibly interfere with the prosecution of their judgment to satisfaction out of the same property or a sufficient portion thereof.

The rights, interests and duties of the defendant Beall rest upon no such foundation. He stands in the light of a simple trustee, liable to account to any person lawfully interested in the property. As such trustee he is bound to disclose, upon the proper complaint of the *cestuis que trust*, all of the trust property of every description, which may have come to his hands. It is no excuse for not accounting, that the assignment under which he holds is fraudulent and void as against creditors. It is void if void at all, as against creditors only; and it is optional with them, to treat the instrument as void and disregard the claims of the trustee or assignee, or to hold him to a rigid accountability for the trusts he has voluntarily assumed. It would be singular indeed, if an

June Term
1854.

Geisse et al.
vs.
Beall et al.

assignee could obtain possession of the entire estate of a failing debtor, in trust for creditors, and when the creditors called upon him for an account, he should be permitted to turn upon them, and say, that the instrument by which he acquired possession of the debtor's property is fraudulent and void; or, if he were permitted to convert the property into money, and then to excuse himself from accounting under the pretext that the deed of assignment was made with intent to hinder and delay creditors, and was therefore void. And yet, how does this differ from the position assumed by the assignee in this case? He is distinctly called upon by the bill to account for the trust property which came to his possession under the assignment, and the only reason he gives for not accounting (if, indeed he intends it as such a reason) is, that he is informed and believes that there was a fraudulent preference of the complainants as creditors, and on inquiring he is led to believe that their claim is of doubtful validity. And this, too, when the assignee was the legal counsellor and attorney, (as the proof shows,) of the assignor, and urged the latter to the execution of the assignment. Trusts of this nature cannot be permitted to fall in this way. If, indeed the assignment was fraudulent and void, so much the more eagerly will a court of equity pursue and probe the transaction, and sternly require a full disclosure from all those into whose hands the assets may be traced.

We speak here of the duty and liability of the trustee to render an account of the trust estate which came to his hands; not of the appropriation or distribution of the proceeds. But we may here ask, what right has the assignee to question the demand of the

JUNE TERM
1854.

Geisse et al.
vs.
Beall et al.

cestuis que trust, as declared by the assignment, or deed of trust, so long as others apparently interested do not complain? By accepting the assignment he has admitted himself the trustee of the complainants to the amount of claim specified in the deed. If the other creditors choose to dispute the claim they may do so, but if they are content, it is not for the trustee to declare the claim of one or more of "doubtful validity" and refuse to execute the trust. By becoming a party to the instrument he has admitted the claims specified in it, and so long as all the claimants under it are satisfied, he is bound to a faithful application of the estate to the objects specified in the deed.

But there is no controversy here among creditors, which can be made available to the defendant Beall. Wilson & Slauson, it is true, allege in their answer, a fraudulent preference of the complainants. But that is no reason why a court of equity should refuse to hold the trustee who has got all the property, to accountability. If the court should ever see fit to remove him, and order the proceeds in his hands to be paid into court, it would be abundantly able to protect all the cestuis que trust, and order an equitable distribution. How are Wilson & Slauson, on the one hand, or Beall on the other, to be injured? If, Wilson & Slauson have regarded the assignment as void, (and as to creditors it be so) and have proceeded at law, and levied upon property, of course for so much Beall would discharge himself in his account rendered. If the assignee has converted the whole estate, then it is for their interest that the account should be rendered and the fund secured for legal distribution. It does not appear that they have attached the funds in Beall's hands; and if they had,

JUNE TERM 1854.

Geisse et al.
vs.
Beall et al.

still it is no reason why he should not account for the remainder. In any event we cannot see any reason or excuse, for discharging the defendant Beall from the obligations and duties which he has assumed as trustee, and at the call of the complainants, provided the record shows them to be interested in the trust estate. It is true, Beall in his answer says, that he is informed and believes that the complainants have re-assigned their interest in the trust estate to Charles Geisse, and that they have only an uncertain or contingent interest, but to what amount, or to what extent he cannot state; yet here is an interest, admitted by him, still remaining in the complainants, and the proof, (which we shall speak of presently,) we do not think inconsistent with the claim set up by them.

We have observed, that whether this deed of assignment be void as to creditors or not, it is void as to creditors only. As to all the world except creditors it is good and valid: And it is void as to those creditors only, who choose so to consider it. The creditor who chooses to regard it as void, may pursue his remedy at law and satisfy his debt out of the debtor's property in case the assignment proves to be fraudulent. But *his* option is not compulsory upon other creditors. They may hold the deed as valid, and hold the trustee to the faithful management and application of all of the estate which becomes available to him under the assignment.

Nor can the fact be made available to the trustee, in avoidance of his liabilities as such, that the creditors, or *cestuis que trust*, have made arrangements in regard to the distribution of the estate, different from that prescribed by the assignment. And this brings us to the consideration of the instrument, under date

of 29th of June, 1850, executed by the creditors and of the 23d of July, 1850, executed by William Geisse and Sons. Here is a mutual agreement between Wil- liam Geisse and Sons on the one hand, and the rest of the creditors, or most of them on the other. William Geisse and Sons, a firm of which Herman C. Geisse was a member, were preferred by the assignment, as was also Herman C. Geisse individually as creditors of the first class. The debt of the former was declared to be some $4354, and that of the latter some $10,850. In consideration of Wm. Geisse & Sons relinquishing their right in the assignment, the other creditors agree to and do assign their interest therein, to Charles Geisse, in trust, to pay Herman in full, and the other creditors the residue of the estate *pro rata*. And Wm. Geisse & Sons, in consideration of such agreement, do relinquish unto Charles Geisse their interest and share in the assignment, in trust for the purposes declared by the other creditors.

It is claimed, that, by this arrangement, one of the leading trusts, declared by the assignment, that in favor of Wm. Geisse & Sons, was extinguished, by voluntary relinquishment, and that therefore it ought not to be executed at all. We do not so understand the arrangement. William Geisse & Sons do not absolutely relinquish their interest in the assignment, but by the instrument of the 23d of July, 1850, they simply declare another trust of their share or interest, that is, they relinquish their share unto Charles Geisse in trust for the purposes expressed in the deed of the other creditors of the 29th of June, 1850. They have still an interest in the original assignment in the application of the estate to the purposes of the trust created by them. Authorities need not be quoted to

JUNE TERM
1854.

Geisse et al.
vs.
Beall et al·

prove that the assignor of an estate, may maintain a bill against the assignee, to compel the performance of the trust, as well as to account. Beall was not a party to the arrangement between the creditors. His duties and obligations remained the same. William Geisse & Sons did not relinquish to Beall, or release him from performance, but on the contrary, they specifically direct the application of their share of the trust estate, and they still remained interested in the carrying out of the trusts to which they had appropriated their share. So far, therefore, from relinquishing their trust in the assignment, so as to excuse the execution of it, they expressly recognize and claim it, and direct the appropriation of it. It no where appears, that the defendant Beall had assented to this subsequent arrangement, or had had notice thereof, or in any way become a party thereto. The mandators, Geisse & Sons, of the last trust, retained an interest in the estate in the hands of the mandatary of the first trust, Beall, and in its application to the purposes of the new trust created by them, nor could the trust in their favor created by the assignment, become extinguished, until the estate should be applied according to the terms of the assignment; or in satisfaction of the trusts created by the subsequent arrangement of the creditors. (*See Story's Eq. Jur.* § 1044 to 1047.) The duties and obligations of the trustee, are created by the assignment, and they can neither be enlarged, diminished, or varied, by any arrangement between the *cestuis que trust*, without his consent.

In any aspect of the case, we do not perceive that the relations of the defendant Beall to the creditors, or any of them, are in the least affected by the con-

tract between Wm. Geisse & Sons and the other cred-
itors.

Nor are we able to perceive, that the duties or obli-
gations of the trustee are removed by the agreement
of the creditors for the appointment of another
trustee. He held his appointment under the assign-
ment, and the creditors, by assenting to the assign-
medt, ratified his appointment, and they could not
remove him and substitute another trustee without
his consent, or the intervention of a court of equity.
The appointment of Charles Geisse, therefore, as the
common trustee of all the creditors, to receive and
distribute the funds under their agreement of the
29th June, 1850, by no means released Beall from his
obligations as trustee. Nor was it necessary that
Charles Geisse should become complainant to enforce
the trust committed to him. He might decline to
act at all, and there is no evidence of his acceptance of
the trust. The duty of the defendant to account to
the *cestuis que trust* named in the assignment must
therefore remain the same, for the trusts declared fol-
lowed the property by him received and attached to it,
or the proceeds thereof. And in the event of his re-
moval, the trust could not fall, for it is a maxim in
equity, that "a court of equity never wants a trustee."

Without pursuing this branch of the subject fur-
ther, we think the complainants have made a case,
which entitled them to an account from the trustee.
This, though specifically required, he has utterly fail-
ed to do. He has neither stated an account himself
nor exhibited facts which would enable the com-
plainants to state one. He has wholly neglected to
answer the bill in this particular, or to render any
excuse for not doing so. Yet he admits his character

JUNE TERM
1854.

Geisse et al.
vs.
Beall et al.
as trustee, and his having received the trustee estate For the purpose of accomplishing the object for which the trust was created, we think the bill ought to have been retained.

The next question presented is, whether from the bill, answer and proofs, a court of equity ought to interpose its authority for the removal of the trustee.

It is not necessary to cite authorities here in support of the power of a court of equity to remove a trustee, when the safety of the fund, or the due execution of the trust shall require it. The cases cited by counsel and others, leave no room for doubt. We do not deem it necessary, either, to recapitulate the evidence in this case ; for it seems to us apparent, as well from the relations of the parties, as from the conduct of the defendant, that to ensure the due execution of the trust, a change in its administration is indispensable, and the facts in the case render the exercise of this power of the court an imperative duty.

It remains only to consider the equities of the defendants Wilson and Slauson. The defendants set up in their answer that the assignment was made to hinder, delay and defraud the creditors of Charles Geisse, and for that reason void, and also is void on account of the fraudulent admission of a debt as due to Wm. Geisse & Sons. We are not aware of any proof offered to sustain these allegations contained in the answer, but there is proof tending to show the genuineness of the indebtedness referred to. Unless, therefore, the assignment is void for reasons appearing on its face, the defence cannot stand upon these grounds.

But we do not deem it necessary to decide whether this assignment comes within the rule laid down in

*Hutchinson vs. Lord,* 1 *Wis.* 286. The creditor must either treat the assignment in such cases as altogether valid or altogether void. He cannot hold it void in part and good in part. He cannot recognize and act upon it as valid, and afterwards repudiate it and treat it as void.

The execution of the instrument of the 29th of June, 1850, on the part of Wilson & Slauson, is sufficiently proved. We are not informed as to the objections made to the testimony. We have examined the papers carefully, but have been unable to discover any objections taken to the interrogatories filed, or to the answers, when the commission was executed, or upon the hearing in the court below, though it is quite probable that among papers so various and voluminous it may have been overlooked.

But it is objected, that the testimony, if admitted, shows a case contradictory to that made by the bill, and hence shows the complainants out of court.

We have already given our views in regard to the arrangement made between the creditors themselves, so far as the defendant Beall is concerned. Those remarks will, in a measure, apply to the case of the defendants, Wilson & Slauson. It did not change the relations of any of the creditors with the trustee. It affected only the distribution of the estate, and might very properly be set up by the creditors defendant for that purpose. But, as it seems to us, it could have this effect and no more.

Again, it is contended, that the instrument of the 29th of June is inoperative, as no delivery thereof to Charles Geisse is proved. But we do not think such proof necessary. This arrangement was among the creditors only. Charles might accept the trust or he

JUNE TERM
1854.

Geisse et al.
vs.
Beall et al.

might not. If he should refuse, and a trust fund should become apparent to be affected by the agreement, the trust would not be permitted to fall for want of a trustee. The instrument of the 29th of June, on the part of the creditors, and of the 23d July on the part of Wm. Geisse & Sons, must be regarded as one contract. The execution of the one on the part of Wilson & Slauson, and its possession and production by the complainants, we regard as *prima facie* evidence of delivery. We also regard it as a recognition of the validity of the assignment by Charles Geisse, and that Wilson & Slauson are thereby estopped from now declaring that assignment to be void. When they executed their deed of June 29th, 1850, they made apparent their option to hold the assignment valid, and by such option they must abide.

Nor do we see any objection to the availability of this evidence on the part of the complainants, in the fact that Charles Geisse is made a party defendant, instead of being a party complainant. This bill is not filed to enforce the trust created by the *last* agreement among the creditors, but to procure an account and to save the trust estate, and to enforce the trusts created by the assignment of Charles Geisse to Beall; and, unless the former shows the complainants Wm, Geisse & Sons, to be devoid of interest therein, it cannot be said to show them out of court. We have already attempted to show that they had a remaining interest in the application of that trust estate, and hence were competent parties complainant. Charles Geisse was, indeed, a necessary party to the suit, not on account of his relations created by the agreement of the creditors of the 29th of June, 1850, but on account of his

June Term 1854.

Geisse et al.
vs.
Beall et al.

position and interest as the original assignor, or creator of the trusts, and trust estate. He might, perhaps, have joined as complainant; so might perhaps all the *cestuis que trust*. But it was not essential that all should so join. All who are interested in the object of a suit in equity, ought to be made parties to the suit. But it is in general sufficient if they are brought before the court, either as complainants or defendants. *Brown vs. Pratt*, 2 *Wis.* 299, and authorities there cited. Nor does it follow, that because some are complainants and others defendants, their interests are *necessarily* antagonistic. In this suit, in many respects, the interests of Charles Geisse, and those of the *cestuis que trust*, are harmonious, if not identical, and in some respects the interests of all the creditors are the same, though in others they may be different or adverse. All are alike interested in preserving the trust estate, in procuring an account, in discovering its character, quality, amount and value, and the disposition made of it, or its proceeds, &c. &c. And for that reason, among others, it is necessary to make them all parties, but their interests are the same respectively, and relatively, whether they are complainants or defendants, for all being before the court, complete equity may be done.

We dr not understand the object in the introduction of this proof to be, to set up a new and different right or title from that claimed by the bill, but merely to show that Wilson & Slauson had recognized the assignment of Charles Geisse as valid. For this purpose it was competent, as proving the acts and declarations of these defendants. What effect the last agreement may have in determining the respective right and equities of the *cestuis que trust*, perhaps in the

June Term
1854.

Geisse et al.
vs.
Beall et al.
present stage of the case, it is not necessary to inquire. Even if it never took effect by delivery, and even if Wilson & Slauson were not thereby estopped from treating the assignment void, we still think the court erred in dismissing the bill, and Wilson & Slauson are proper parties to it, although they may have proceeded at law for the collection of their debt. The other creditors have a right to know from them, the amount and *bona fides* of their claim (W. & S. repudiating the assignment,) the amount and kind of the trust property which they may have caused to be appropriated to its satisfaction, &c., &c. Therefore, we think as the case now stands, the bill ought not to have been dismissed, even as to these two defendants. Especially if the agreement of the 29th of June, 1850, was invalid for want of delivery, it is as invalid for one party as another, and one party ought not to be turned out of court by its potency, while the other is held absolved from its terms and requirements.

It has not been our intention, at this time, even if the case were prepared for it, to attempt to adjudicate upon the respective rights of the *cestuis que trust* named in the assignment, any further than was absolutely necessary to dispose of the several questions raised on the appeal. These we have endeavored to discuss and decide, so as to indicate, in some degree, some necessary proceedings when the case shall have gone back. It has seemed to us highly important, that the court should exercise its authority in the preservation of this estate, and not allow the trusts to fall, for want of a trustee, responsible, competent, and willing to perform the duties thereby imposed. It is also clear that a full, minute and complete account should be rendered of all and

singular this estate, since the whole or any part of it

came to the hands of the trustee defendant in this case. It is also apparent to us that this defendant is unwilling to abide by the legal rules which the law has prescribed for the regulation of the conduct of trustees. It is evident that many principles of the law applicable to trusts and trustees have been violated. It is not necessary to specify them. A trustee is bound to account both to the mandator and the *cestuis que trust*, at all reasonable times, and particularly to state his account, or so to specify facts and details as to enable the complainants to state it. It is illegal for him to appropriate the trust property to his own use, *although* he may charge himself with the cost price thereof. He cannot become a purchaser at his own sales, public or private. He has no right to barter or traffic with the trust property. He has no right to use for his own benfit, the money arising from the sale of the estate, though he thinks himself, and though he actually be, solvent. He cannot become the judge of the value of his own services, and offset the money or goods appropriated from the estate against the same in gross without specification and detail, even where compensation is provided. His compensation must be awarded upon account rendered. These are familiar principles, so clearly addressed to the reason and conscience, that no one need to err in their application. All of these and more are suggested by the bill, answer and proof, and we think their faithful application requires of the court the removal of the defendant as trustee, and the holding him to a speedy, full and complete accounting in the premises, and to the paying over and relinquishment, under the direction of the court, of all and sin-

June Term
1854.

Geisse et al.
vs.
Beall et al.

gular the property, goods, monies, or effects, that have come to his hands as such trustee.

We do not perceive that it is necessary for us to intimate any further, our views of this case. No account has been rendered, and the subject of distribution did not come up in the court below. When the court shall become possessed of assets, the case will assume new features.

The decree of the Circuit Court must be reversed, and the cause remanded.