| 8 | 187 |
| 95 | 199 |

### ANDREW M. HAINES, Respondent,

*vs.*

### WILLIAM A. CAMPBELL, Sheriff, &c., Appellant.

#### APPEAL FROM CIRCUIT COURT, CRAWFORD COUNTY.

In an action by H. for the recovery of personal property, taken by the sheriff upon a warrant of attachment against F., the circuit judge instructed the jury, " that though F. had made an assignment of all his interest in the goods in controversy, yet if the assignment was fraudulent and void as to creditors, he, F., could make a valid sale of such goods while in the possession of the assignee ; and if he made a sale the purchaser acquired a good title," held that this instruction was erroneous.

An assignment which authorized the assignee to sell and dispose of the property of the assignor upon credit, is fraudulent and void as to the creditors of the assignor ; and the property may be seized by a *bona fide* creditor in the hands of the assignee.

The sheriff holding an attachment of a *bona fide* creditor, stands in the place of the creditor, and will be protected in making a levy upon the property of the debtor, fraudulently assigned.

The case of *Hutchinson vs. Lord*, 1 Wis. 286, affirmed.

This was an action brought by the plaintiff against the defendant for the recovery of a stock of merchandise, which the defendant had taken by virtue of a warrant, from the plaintiff, of the value of $2,130. The defendant justified the taking of the property under and by virtue of a warrant of attachment, dated on the 10th day of July, A. D. 1858, and issued by Ira B. Brunson, county judge of Crawford county, Wisconsin, in favor of Darius G. Branch, and against the property of Edward C. Forbes, and directed to the defendant, as sheriff of Crawford county, and that Edward C. Forbes, defendant in the warrant of attachment, had, at the time of the taking, an interest in the property, which was at the time subject to seizure upon attachment and execution.

Upon the issue thus made the cause was tried by a jury at the November Term, A. D. 1858, of the Crawford county circuit court. On the trial Forbes testified for the plaintiff, that: In the month of January, A. D. 1858, he and the plaintiff purchased the stock in trade of Branch & King—the firm being William T. Branch and Lyman O. King ;—that the property claimed in this action is a part of said stock; that he became involved, and on the 13th of January, A. D. 1858, made a voluntary assignment to Lyman O. King, for the benefit of his creditors; that said assignment was defective, and was broken up by an attachment in favor of Newberry, Filley & Co., creditors of witness; and the instrument of assignment and the property conveyed thereby were returned to witness; that, on the 5th day of February, 1858, he made a second assignment to Lyman O. King, for the benefit of creditors; that, on the 13th day of February, 1858, Lyman O. King, as assignee, sold to plaintiff all the interest of witness in and to said partnership property, and received as the consideration for said sale three promissory notes, for the sum of two thousand three hundred and nineteen dollars, payable in six, nine and twelve months, from the date of sale; said notes were executed by the plaintiff, and made payable to the "order of Lyman O. King, assignee of Edward C. Forbes ;" and King thereupon executed to plaintiff a bill of sale of his interest in said goods, in the words and figures following :

"Rec'd, Prairie du Chien, Wis., 13 Feb'y, '58, of A. M. Haines, of Galena, Ill's, his three notes, for seven hundred seventy-three dollars ($773,) each, amounting to two thousand three hundred and nineteen dollars ($2,319) payable in six, nine and twelve months from date, at Bank of Galena, at Galena, Ill's.; in consideration for which I hereby sell and set over to said Haines all the interest of Edward C. Forbes, or of myself as his assignee, in a certain stock of merchandise now in the store or building owned by S. A. Clark, in this town, and

recently occupied by Branch & King; it being a portion of the merchandise recently sold by Branch & King to E. C. Forbes and A. M. Haines, under date 5th January, 1858.

L. O. KING, Assignee,

Of E. C. FORBES.

C. P. HAINES, Witness."

That, at the time of sale, the plaintiff said that he feared said assignment was defective, and requested witness to also make to him a bill of sale of said goods; and thereupon witness executed to plaintiff a bill of sale of his interest in said goods, which bill of sale was separate and distinct from that made to the plaintiff by the assignee, and was in the words and figures following :

" For and in consideration of the sum of two thousand three hundred and nineteen dollars ($2,319,) to me paid, by A. M. Haines, of Galena, Ill's, I hereby sell and set over unto said Haines all of my right, title and interest in and unto a certain stock of merchandise purchased by said Haines and myself 5th January, 1858, of Branch & King, in a certain store owned by S. A. Clark, and recently occupied by Branch & King.                               E. C. FORBES.

Prairie du Chien, Wis., 13th February, 1858.

Witness, C. P. HAINES."

That there was no consideration for the bill of sale executed by him, except the notes executed to the assignee; that said goods were sold to the plaintiff by the assignee at seventy-five cents on the dollar; that no inventory was made of said stock at the time of the sale; an inventory of said goods having recently been made; and the value of the stock being easy to ascertain from said inventory and the subsequent account of sales in the store; that said goods were not removed from the store; that two creditors of witness were paid by the assignee, of whom one was paid by plaintiff

taking up his demand and applying the same upon the notes in the hands of assignee ; that only two of said notes were paid to said assignee, and the third was given back to witness with the remainder of the property assigned by him, together with the instrument of assignment, after the seizure of the goods by the defendant; that said last note was paid to him and he had applied the proceeds to the payment of his debts; that upon such sale he went into the employ of the plaintiff as his clerk, and, with another clerk of the plaintiff, retained possession of the goods for A. M. Haines, the plaintiff, until they were seized by the defendant at the suit of Darius G. Branch against witness ; that the goods described by the plaintiff in his complaint were part of the goods assigned by him to King, and by King sold to plaintiff, except certain goods of about the value of eighty dollars, which were a part of the partnership stock not included in said assignment, but which before that time had been exchanged with plaintiff ; that the value of the goods taken by the defendant was about twenty-six hundred dollars, and the damage to the plaintiff by the taking thereof was five or six hundred dollars.

The same facts were proved by other witnessess, also the possession of the plaintiff from the time of the sale by King and Forbes until they were taken from him by the defendant under the warrant of attachment.

The defendant produced the warrant of attachment and return of the sheriff thereto, in a cause in said court wherein Darius G. Branch was plaintiff and Edward C. Forbes was defendant, in which return the sheriff certified that by virtue thereof he had levied upon all the interest of Forbes in and to the stock of goods. Said warrant of attachment was issued on the tenth day of July, 1858, by Ira B. Brunson, county judge of said county, and served on the 12th day of July, 1858.

And the defendant, further to maintain and prove the issue

on his part, introduced the last mentioned assignment from Edward C. Forbes to Lyman O. King, dated the fifth day of February, 1858, which, among other things, expressly authorized the assignee to sell and dispose of the property of said assignor upon credit.

And the defendant called William T. Branch, who testified in substance and to the effect that he with Lyman O. King were joint owners of a certain stock of goods, and on the fifth day of January, A. D. 1858, the same were sold to plaintiff and Edward C. Forbes, and the goods now claimed by plaintiff were a part of said stock, and a part of the same stock of which Forbes assigned his interest to Lyman O. King on the fifth day of February, 1858; that he was present when the deputy sheriff levied upon the interest of Forbes in the same stock by virtue of a warrant of attachment in favor of Darius G. Branch and against Forbes; that said goods had not been removed from the store; that at the time of making said assignment by Forbes, Darius G. Branch was a creditor of Forbes, and the owner and holder of the notes upon which said warrant of attachment issued.

The defendant requested the circuit judge to instruct the jury that plaintiff derived no title from the bill of sale executed by Edward C. Forbes. Also, that if the plaintiff purchased the interest of Edward C. Forbes from the assignee, he had notice that the assignment was fraudulent and void, as to creditors, and he is not a purchaser without notice, and he cannot recover. And also, that the plaintiff could only recover in this action the property which is proved to be derived by him from other sources than from Forbes or King, as assignee, and only such damages as are proved for the taking and detention of said goods, proportioned to the damage he has proved in the taking and detention of the entire stock. All of which the circuit judge refused to give, and the defendant excepted.

The circuit judge instructed the jury : That though Forbes had made an assignment of all his interest in the goods in controversy, yet if the said assignment was fraudulent and void as to creditors, he, Forbes, could make a valid sale of such goods while in the possession of the assignee ; and if he made a sale, the purchaser acquired a good title. To which the defendant excepted.

And the said circuit judge further instructed the jury : That though the plaintiff could derive no title under the sale from the assignee, yet if he purchased the goods from said assignee and Forbes while they were in the possession of said assignee under the assignment, and the purchase was made in good faith, and for an adequate consideration, he acquired thereby a good title to them ; and that the right of sale existed either in the assignee in possession or the assignor. To which the defendant excepted.

The jury found the title to the property to be in said plaintiff; that the defendant wrongfully took and detained the same, and the value of the property to be twenty-one hundred and thirty-five dollars and fifty-two cents, and assessed the plaintiff's damages for the detention thereof, at two hundred and thirteen dollars and fifty-five cents, and judgment was rendered upon the verdict against the said defendant, with costs of suit. From which the appellant appeals to this court.

*Hutchinson & Merrill*, for the appellant.

*Johnson, Bullock & Hunt*, for the respondent.

*By the Court,* SMITH J. The only error alleged in this case in any degree material to be considered, is founded upon the instruction which the court below gave to the jury

upon the trial of the cause, which instruction is as follows, to wit:

" That though Forbes had made an assignment of all his interest in the goods in controversy, yet if the said assignment was fraudulent and void as to creditors, he, Forbes, could make a valid sale of such goods while in the possession of the assignee; and if he made a sale, the purchaser acquired a good title."

We do not see how it is possible to sustain this instruction. The assignment as set forth in the bill of exceptions is clearly fraudulent and void under the former decisions of this court, as to creditors. See *Hutchinson et al. vs. Lord,* 1 Wis. Rep., 286, and cases there cited. The property therein specified was subject to attachment by, and liable for the debts of the *bona fide* creditors of the assignor. The defendant in this case represents and stands in the place of such creditors. 12 Penn. St. R., 167; id. 230; 20 Wend. 275; 11 id. 80.

. From the evidence in this case it is inconceivable that the plaintiff could have been a *bona fide* purchaser without notice. The evidence of such notice to him is apparent in every feature of the transactions through which he claims to derive his title. 3 Wis., 383; 6 Wis., 118.

We might go on, were it necessary, and inquire why it was thought necessary by the plaintiff to purchase from the assignor out of possession, as well as from the assignee in possession; or, if possession was doubtful, how he can be a *bona fide* purchaser without notice, under all the circumstances of this case. This fact of a double conveyance is evidence of notice of the situation of the property, and the character of the vendors.

We shall not undertake further to scrutinize the transactions disclosed by this record; but we are satisfied that it was not in the power of the assignor, while the goods were in

possession of the assignee, to convey such goods and give a good title thereto as against *bona fide* creditors; and therefore we think that the instruction before cited is erroneous, and might well have misled the jury in the consideration of their verdict.

For this reason, without enquiring further, the judgment must be reversed and the cause remanded for a new trial.

Judgment reversed, with costs, and *venire de novo* awarded.