1832.

Wendell
v.
Wendell.

WENDELL, executor, &c. *vs.* M. WENDELL and others.

M. WENDELL and others *vs.* WINNE and others.

Where there were two separate mortgages on the same property, belonging
to different mortgagees, and the holder of the first mortgage filed a bill of
foreclosure against the second mortgagees and the owners of the mortgag-
ed premises, and the same solicitor filed another bill in behalf of the second
mortgagee, against the first mortgagee and the owners of the premises, to
foreclose the second mortgage; *Held*, that only one bill of foreclosure was
necessary; and that the owners of the equity of redemption were to be
charged with the costs of one suit only.

THE complainants in the last of these causes executed a
mortgage to M. Trotter. They afterwards sold the mortgaged
premises to Winne and Fonda, and took back a mortgage, for
the payment of the purchase money on that sale, conditioned
also to pay off the previous mortgage to Trotter. Winne and
Fonda afterwards sold the premises to the ancestor of the in-
fant defendants in these causes, subject to the payment of both
mortgages. The executor of Trotter filed his bill in the first
cause to foreclose the mortgage given to his testator, and
made his mortgagors and also the mortgagors in the last mort-
gage, together with the infants who were the present own-
ers of the equity of redemption, parties defendants. The
mortgagees in the second mortgage at the same time, and by
the same solicitor, filed another bill to foreclose their mort-
gage, making the executor of Trotter and also the mortgagors
in the second mortgage, together with the infant owners of
the equity of redemption, parties defendants. The guardian
ad litem for the infant defendants objected to the making of
two distinct decrees, charging the property of the infants with
the payment of two separate bills of costs, as unnecessary and
oppressive.

Sept. 3.

*J. L'Amoreaux*, for the complainants.

*Ira Harris*, for the infant defendants.

The CHANCELLOR decided that it was unnecessary and improper to file two distinct and separate bills to foreclose these two mortgages on the same property. That as all the subsequent incumbrancers, as well as the owners of the equity of redemption, were before the court in the first suit, the rights of all might have been provided for by a decree in that suit; or, as the executor of the first mortgagee was a party defendant in the second suit, the decree in that suit might, of course, have provided for the payment of the first mortgage out of the proceeds of the sale under the decree in that cause. That the 134th rule had expressly directed the computation of the amount due to a prior incumbrancer who was a party defendant, so that the payment of his debt and costs might be first provided for in the decree. That as the decree to be made in either of these suits would or might dispose of the whole proceeds of the mortgaged premises according to the equitable rights of the parties, the solicitor for the several complainants might now elect in which suit to take a decree for a foreclosure, sale, and distribution; but that the property of these infant defendants should not be charged with the costs of both suits.

The solicitor elected to take his decree in the last suit, and the bill in the first suit was thereupon dismissed.(a)

(a) See De La Vergne v. Evertson and others, 1 Paige's Rep. 181; and Davies v. Williams, 1 Sim. Rep. 5.