Roosevelt, administrator, &c. *vs.* Ellithorp and wife.

The same *vs.* The same.

Where the defendant, in his answer, merely states the substance of a deed in his possession, without annexing a copy of the deed to his answer, and craves leave to refer to the same when produced, he makes it a part of his answer so far as to entitle the complainant to an order for the production of the deed.

But if no such order is obtained, and the deed itself is not produced upon the hearing, only the substance of such deed, as it is stated in the answer, is considered before the court as a part of the pleadings in the suit.

Where the grantor who has conveyed with warranty is called as a witness in behalf of his grantee, the latter may release his interest so as to make him a competent witness. And if no objection is taken to the competency of a witness thus situated, before the proofs in the cause are closed, the objection to his competency will be considered as waived, and cannot be made for the first time at the hearing of the cause.

As a general rule, an executor or administrator who files a bill in chancery, for the recovery of a debt that accrued in the lifetime of the testator or intestate, and which is apparently due to the complainant in his representative character, will not be personally charged with costs, although his bill is dismissed upon the merits.

But costs in chancery are discretionary even where the suit is brought by an executor or administrator in his representative character. And if the suit is groundless and vexatious, he may be charged with costs personally.

So, if an executor or administrator brings a suit in chancery, which from papers in his possession he had good reason to believe was unfounded; or where by ordinary care and diligence, in ascertaining the facts, he would have ascertained the suit to be unfounded, the court, in its discretion, may charge him with costs personally, if the estate in his hands is insufficient to pay such costs.

A suit is wantonly brought by an executor or administrator, within the meaning of the provision of the revised statutes on that subject, where it is brought by him without probable cause, or where he has not exercised ordinary care and diligence to ascertain whether there was any just cause of action.

Where the complainant is the holder of two mortgages upon the same premises, and given by the same mortgagor and to the same mortgagee, the practice of the court of chancery does not authorize him to file two separate bills to foreclose such mortgages.

Where a feme covert dies intestate, either as to her separate estate, or as to choses in action which as a married woman she had no right to dispose of by will, and the husband afterwards dies leaving her assets unadministered, it is not necessary for his personal representatives to take out letters of administration on her estate, to enable them to institute suits for the recovery of such assets. But they may institute such suits in their characters of personal representatives of the husband; averring the fact that he survived his wife.

THIS was an appeal by the complainant from a decree of the assistant vice chancellor, dismissing the bill in each of these causes with costs. In October, 1811, H. A. Outhout sold and conveyed the mortgaged premises, as the attorney of Eliza Evertson, to D. Smead, and took back a bond and mortgage for the purchase money, payable with interest, the one half on the 1st of May, 1812, and the residue in one year thereafter. It was shortly afterwards discovered that by mistake this mortgage did not include the whole of the purchase money, and another mortgage was thereupon given by Smead, for the deficiency, upon the same premises, bearing the same date, and payable at the same times as the first. The mortgaged premises, by divers mesne conveyances, came to Ely Beecher, who conveyed them to Mrs. Ellithorp in 1829, previous to her marriage. H. A. Outhout was the agent of the mortgagee, for the purpose of collecting these and other mortgages due to her ; and, as the assistant vice chancellor decided, had received the whole amount due upon these two mortgages previous to her death, which was several years before the conveyance from Beecher to Mrs. Ellithorp. Eliza Evertson, the mortgagee, married S. W. Stephens, who died in 1831, and who survived his wife, although that fact was not stated in the bill in either of these causes. In 1839 the complainant, as the administrator of Stephens who married the mortgagee in December, 1819, filed a separate bill to foreclose each of these mortgages, averring therein that the whole amount of the principal moneys, together with the interest thereon from the 2d of May, 1821, was due and unpaid. Ellithorp and wife, in their answer, averred upon information and belief, that the whole amount of the principal and interest had been paid. They stated the conveyance from Beecher to Mrs. Ellithorp, in 1829, and made profert thereof in the usual form. But neither party produced such conveyance on the hearing ; nor did it appear whether it was a mere quit-claim deed or a conveyance with warranty.

*H. W. Warner,* for the appellant.

*Chesselden Ellis,* for the respondents.

THE CHANCELLOR. I think the assistant vice chancellor arrived at the correct conclusion that the whole amount due upon each of the mortgages had been paid previous to the death of the mortgagee. The statement made by Outhout, the agent, in April, 1823, shows that the interest was paid to that time, and that $227,26 of the principal only, was then due. And if the testimony of Beecher is to be credited, as to the date of the $125 receipt, of which there is no doubt, the whole amount was subsequently paid to Outhout, either as the agent of the mortgagee, or as the admitted equitable owner of the bonds and mortgages in right of his own wife, whose property, by mistake, had been conveyed to the mortgagor as the land of Eliza Evertson.

The testimony of Outhout was objected to, on his examination, as an interested witness, but was properly received ; as his interest was balanced in establishing the fact of his agency. And his interest, if any, was against the defendants in proving the actual receipt of the money upon the bonds and mortgages ; as he thereby discharged the mortgaged premises and charged himself with the amount, if he should not afterwards be able to show his right to retain the money as between him and the representatives of the mortgagee.

The objection that Beecher was interested is wholly untenable. The complainant did not think proper to call for the production of the deed from Beecher, to show whether he had or had not conveyed with warranty. Where the defendant in his answer, as in this case, states the effect of a deed in his possession, without annexing a copy thereof, but for greater certainty craves leave to refer to the same when produced, he makes it a part of the answer so far as to entitle the complainant to an order for the production of the deed. But if no such order is obtained, and the deed itself is not produced upon the hearing by

either party, only the substance of the deed, as stated in the answer, is to be considered before the court as a part of the pleadings in the suit. It does not therefore appear that Beecher ever had any interest in favor of the parties calling him as a witness. Again, if he had an interest, it was one which might have been released, if any objection to his competency had been made before the proofs were closed. It was therefore too late to object to his competency for the first time at the hearing, even if it had appeared that he had conveyed to Mrs. Ellithorp with warranty. (*Town* v. *Needham*, 3 *Paige's Rep.* 546.)

The only remaining question is whether the decree was right in charging the complainant personally with the costs of the defence, in case the estate of Stephens, in the hands of the administrator, should be found insufficient for that purpose. As a general rule an executor or administrator who commences a suit, in this court, to recover a debt that accrued in the lifetime of the testator, or intestate, which debt is apparently due to him in his character of personal representative, and can only be recovered by a suit in such representative capacity, is not personally liable to the defendant for costs, although the bill is dismissed upon the merits. But the costs in this court are discretionary, even where the suit must be brought by the executor or administrator as such. And if he brings a groundless or vexatious suit, he may be charged with costs personally. (*Executors of Getman* v. *Beardsley*, 2 *John. Ch. Rep.* 274.) So if he brings a suit which from papers in his own possession he had reason to believe was unfounded, or where by ordinary prudence in ascertaining the facts he would have known to be so, the court in its discretion may charge him personally with the costs, if the estate in his hands is insufficient. Even in a court of law, under the provisions of the revised statutes, the court may award costs against an executor or administrator who wantonly brings a suit, or who brings or conducts it in bad faith. (2 *R. S.* 616, § 17.) By wantonly bringing a suit, as contradistinguished in this section from bringing it in bad faith, I

presume the legislature must have intended the institution of a suit, by an executor or administrator, without probable cause, or where he had not exercised ordinary care and diligence in ascertaining whether there was any just cause of action.

Here it appears, from the proofs in the cause, that the bonds and mortgages came from the possession of Nitchie; and from the endorsements on the bonds it appeared that Outhout had been the agent of the mortgagee, to collect the monies due on the mortgages. With ordinary diligence, therefore, the complainant might have ascertained, by enquiring of Nitchie and Outhout, the true state of the case, and that there was nothing due to him, as the personal representative of Stephens, on these bonds and mortgages.

Again; the complainant averred in the bill in each suit that the whole amount of the principal secured by the mortgage, and the interest thereon from May, 1821, was still due and unpaid; when, from the endorsements upon the bonds in his own possession, he knew that the whole amount due upon both was less than $250, in May, 1821. In addition to this, he not only unnecessarily, but contrary to the settled practice of this court, which is for the complainant to state all of his junior incumbrancers upon the mortgaged premises in his bill to foreclose his prior mortgage, commenced two separate and distinct foreclosure suits, upon these two mortgages, on one piece of land, given by the same mortgagors to the same mortgagee, and which mortgages at the time of filing these bills belonged to the same person, if there was any thing due upon them.

For these reasons I think the two foreclosure suits were wantonly instituted, within the true intent and meaning of the provision of the revised statutes before referred to, and that the awarding of costs to the defendants was a proper exercise of the discretion of the assistant vice chancellor, under the circumstances proved.

Although the defendants might have demurred to both bills, on the ground that they showed no right in the administrator of the husband of the mortgagee to foreclose

1843.

Roosevelt
v.
Ellithorp.

these mortgages, it not being stated when Mrs. Stevens died, or that her husband survived her, the evidence shows that the complainant was the proper person to institute the suits, under the provisions of the revised statutes; the husband having, in fact, survived his wife. For by the last clause of the 29th section of the revised statutes relative to the granting letters testamentary, and of administration, (2 R. S. 75,) it is provided that if the husband shall die, leaving any assets of his wife unadministered, they shall pass to his executors or administrators, as a part of his personal estate; but shall be liable for her debts to her creditors, in preference to the creditors of the husband. Where the wife dies intestate, therefore, either as to her separate estate or as to her choses in action which she has no right as a feme covert to dispose of by will, and the husband afterwards dies, leaving her assets which belong to him as her survivor unadministered, it is not necessary for his personal representatives to take out letters of administration on her estate, to enable them to institute suits for the recovery of such assets. But they may institute suits in their character of personal representatives of the husband; stating in their declaration, or bill, that he survived his wife.

The decree appealed from must be affirmed, with costs.