*Lewis Newman* v. *Zina S. Ogden et al.* *The Same* v. *The Same.* M. W. PERRINE, for complainant ; H. R. WING, for defendants.

WILLARD, V. C.—The complainant being the owner of two mortgages, executed by the defendant Ogden, upon the same premises, both of which were due and payable, filed a separate bill to foreclose the same respectively, making Ogden the mortgagor and Wilson, a junior incumbrancer, parties defendants. Neither bill set out any other mortgage than the one sought to be foreclosed in that particular suit. All the defendants except Wilson, suffered both the bills to be taken as confessed for want of an answer. Wilson answered both bills, admitting the mortgages set forth in them respectively, and also setting forth the complainant's mortgage, not mentioned in the bill, and also the junior mortgage held by the defendant Wilson in the same premises. The answers are alike, *mutatis mutandis.* The cause as to Wilson is brought to a hearing on bill and answer, and as to the other defendants on the bill taken as confessed.

The complainant's solicitor departed from the settled practice of the court, in filing two bills to foreclose his two mortgages. He should have set out, in his bill on the oldest mortgage, all his junior liens on the premises. See 10 Paige 415 ; 396 ; 296. 3 Paige, 509.

The defendants who own the equity of redemption have a right to insist that all the complainant's encumbrances thereon shall be

ascertained and settled by the decree, so that they may, if they think proper, pay them off and prevent a sale. It was for the interest of the complainant also to set them out. The 136 rule does not authorize the complainant to come in and have a reference as a matter of course, to ascertain and settle the right to the surplus moneys. The language of the rule shows that it was intended for the benefit of the defendant in the suit; and to save the necessity of their making their claims by answer, when such claims could as well be settled under the order of reference, 10 Paige, 398. Had the complainant taken a decree in the suit on his oldest mortgage, he could not have applied the surplus money on his junior mortgages, and the defendant Wilson could have came in under the 136 rule in preference to the complainant.— Thus the complainant would have but his second mortgage, unless, indeed, he could collect it in an action at law on the bond.— There was no need of an answer from Wilson. His rights were abundantly protected under the 136 rule. The former practice and the reason for the 132 and 136 rules are fully explained by the chancellor in Snow v. White, 10 Paige, 397. Indeed the defendant Wilson would have shown more tact by not answering the bill on the complainant's oldest mortgage. The complainant would then have had to amend his bill and abandon the second suit, or lose his junior mortgage.

The complainant having unnecessarily brought two suits, when one would have answered a better purpose, is entitled only to the costs of one suit. As all the necessary parties are before the court, and the right of the parties are apparent, there may be a decree of foreclosure on the oldest mortgage and the surplus if any, applied on the complainant's second mortgage, and the remaining surplus, if any, will be applied according to the ordinary practice.

The defendant Wilson having unnecessarily answered is not entitled to costs. It was not necessary for the complainant under the 132 rule to set out the defendant's lien. The bill was well enough in that respect.

Let there be an order of reference to compute the amount due on the complainant's two mortgages. The order will be entitled in both cases, but it will be but one reference and one bill of costs.