ELIJAH ROWLEY, Complainant, Appellee,

*vs.*

HENRY WILLIAMS et al., Defendants, Appellants.

APPEAL IN EQUITY FROM DANE CIRCUIT COURT.

In equity, another suit depending in the same court, for the same matter, is a good plea, if it contain the necessary averments, and is in proper form.

When a plea is set down for hearing, the matters alleged therein are admitted to be true.

Though the usual practice is, in case of a plea of another suit for the same matter depending, to obtain an order of reference to examine and ascertain whether the same be true, yet if it be set down for hearing, it must be allowed, unless defective in form.

Where a subsequent mortgagee commenced a suit for foreclosure, making a prior mortgagee a party, and the latter came in and answered, setting up his interest, and afterwards commenced a suit for foreclosure. Held, that a plea of the former suit depending was good, and must be allowed if in proper form.

If, however, the plaintiff in the first suit is dilatory, or neglects or refuses to proceed, the party interested may obtain leave to conduct the suit. The same rule applies to separate mortgages seeking satisfaction out of a common fund or estate, as to creditors.

ON the 11th day of June, A. D. 1855, the appellants, Henry Williams, James Bonnell, Edward H. Goodrich, Samuel L. Strong, Caleb B. Crapo and George C. Russell, filed their bill of complaint in the Circuit Court of Dane county, to foreclose a certain mortgage executed by Frederick A. J. Starr and wife, to them, as security for the payment of certain promissory notes which they held against Starr. These mortgaged premises were incumbered by a prior mortgage executed by Starr and wife to Desire A. Barrell, as security for the payment of four promissory notes of $100 each. These notes and mortgage, or a portion of them, came to the hands of Rowley, as he alleged, by assignment, and he (as well as others) was made a party defendant. Rowley appeared, put in his answer, setting up his interest, claiming to be the owner of the notes and mortgage executed to Desire A. Barrell, and the complainants filed a general replication.

Afterwards, on the 12th day of October following, the appellee, Rowley, filed his bill of complaint in the Circuit Court of Dane county, to foreclose his said mortgage as the assignee of Barrell, to which the appellants and Starr and wife were made parties defendant.

To this bill the appellants pleaded the pendency of the former suit commenced by them, setting forth the nature, substance and subject matter of their bill, the appearance and answer of the defendant therein, the substance of the answer, and the rights and interests therein set up and claimed, and concluding as follows:

" And these defendants aver that proceedings have been had according to the rules and practice of this court, against the other defendants in said first-mentioned suit, some of whom are in default for not answering, and as against them the said first-mentioned bill has been ordered to be taken as confessed, and to bring the non-resident defendants properly before this court, so that their respective rights might be passed upon by said court at the final hearing of said cause, and that the present suit of the compainant against them impleaded with the others, is for the same matters and is to the same effect as the said first-mentioned suit commenced by these defendants as aforesaid, and the said former bill and the several proceedings in said former suit, now remain depending and of record in this court, the said suit being yet undetermined and undismissed; all of which said several matters and things these defendants do aver, and plead the said former bill, answers, and the several proceedings in said former suit, in bar to the said complainant's present bill; and humbly demand the judgment of this court, whether they shall be put to make any further or other answer thereto; and pray to be hence dismissed with their costs and charges in this behalf sustained."

This plea was overruled by the court, and the appellants ordered to answer in thirty days, from which order this appeal is taken.

*Knapp & Frink*, for the appellants.

*Abbott, Clark & Coit,* for the appellee.


*By the Court,* SMITH, J.   Another suit depending in the same court, for the same matter, is a good plea if it contain the proper and necessary averments, and is in the proper form.   It appears that the plea in this case was set down for hearing, and the matters therein alleged thereby admitted to be true.   Though the usual practice is, especially when the other suit is pending in another court, to obtain an order of reference to a master to examine and report whether or not the plea be true; yet it seems, if the plea be set down for hearing, it must be allowed, unless it be defective in form.   The setting this plea down for hearing admits that a former suit for the same matter is depending, and such an order under our practice, would not probably be requisite.   *Mitf. Eq. Pl.* 247, 248.   As we have no masters in chancery in this state, nor any corresponding officer, with correlative powers and duties, many of the functions of that officer devolve upon the court, and we see no reason why a plea of this kind may not be disposed of by the court, as the like duties are performed in respect of other pleas, in like manner as the court would dispose of it upon hearing, after the report of the master.   Such must necessarily be the practice.   We have now no master to whom to refer the cause to ascertain whether the plea be true, and that duty, if necessary to be performed, is devolved upon the court.   It was adopted in this case without objection, and we have no doubt it is correct.

This case, however, differs from those in which a plea of this kind is usually interposed.   Ordinarily it is sought to be made available by the same defendant in both suits, either where the same plaintiff has brought two suits for the same matter against him, or where another party may have become interested in the subject matter, and files a bill on his own account.   *Story's Eq. Pl.* § 738.   Here the parties are reversed.   The present defendant filed his bill of foreclosure, making the present complainant a party, who came in and answered, setting up his interest as a

prior mortgagee; and the question is, having been made a party to the first suit, and appeared and set up his interest in the subject matter, thus bringing all the parties interested in the objects of the suit before the court, can he be permitted to litigate his interest in a new and separate suit, commenced by him while the former is pending, and in which he has submitted his interests?

We have not been referred to any case precisely in point, but the principle applicable to cases of this kind is pretty well settled by the authorities. It is a rule in equity pleading that all persons interested in the subject matter of the suit, must be made parties, so as to enable the court to do complete justice to all, and to make a just and final disposition of the whole matter. 2 *Wis. Rep.* 306. It is sufficient that all the parties interested in the object of the suit, should be before the court, either as complainants or defendants; and when so before the court all may be adequately protected in their just rights. *Wilkins vs. Fry*, 1 *Mitf.* 262; *Story's Eq. Pl.* 74 *a*.

The complainant having appeared in the first suit, put in his answer, and submitted his person and his interests to the jurisdiction of the court, was abundantly protected. No occasion appears for the second suit, and we are unable to perceive how he could derive any beneficial results therefrom, except in the increase of costs, and such ought not to be allowed. In such a case even the owner of the equity of redemption could be charged with only one bill of costs. 3 *Paige*, 509.

This case is somewhat similar to that of a creditor who files a bill on behalf of himself and other creditors, and another creditor comes in and makes himself a party to the suit, or decree, if there be one, and then files a bill on behalf of himself and other creditors. In such case the defendants may plead the precedency of the former suit. 3 *Atk.* 597; *Story's Eq. Pl.* § 740. In both cases a common fund or estate is sought to be subjected to the equitable jurisdiction and disposition of the court. If, however, the plaintiff in the first suit is dilatory, or refuses to proceed, the other creditors may apply for and obtain leave to conduct the suit. So there can be no real difficulty, and cer-

tainly no injustice in applying the rule to separate mortgagees of the same property. Submitting to the jurisdiction by his appearance and answer in the first suit, his rights and interests are fully protected, as the mortgage estate is the common object of both suits.

Upon principle, therefore, as well as authority, this plea ought to have been held good. It is not denied that the former suit is for the same subject matter as the latter; that the complainant appeared and answered, setting up his title and interest, and that the former suit is still pending, upon the determination of which he would be entitled to, and would obtain the same relief therein, as he claims, or would be entitled to by his own bill in the latter.

The order of the Circuit Court is reversed, and the cause remanded for further proceedings according to law.