## KNIGHT BROTHERS *v.* OGDEN BROTHERS.

## OGDEN *et al. v.* KNIGHT BROTHERS.

### October Term, 1877.

CONSOLIDATION OF CAUSES IN CHANCERY.— The Court of Chancery has, ordinarily, no power to interfere with the rights of parties, *in invitum*, by an order directing the consolidation of independent suits of purely equitable cognizance.

*Andrew McClain*, for Knight Brothers.
*G. P. Thruston*, for other parties.

THE CHANCELLOR : — The complainants in the first of these bills, being judgment-creditors of W. H. Ogden, levied an execution on the undivided interest of the debtor in the partnership effects of Ogden Brothers, a firm composed of W. H. Ogden and A. S. Ogden, and having, at the execution-sale, bought the interest levied on, filed the bill for a partnership account. Such proceedings were had that a final decree was rendered, and the account ordered. The opinion of the court is reported in 2 Tenn. Ch. 473.

Pending the taking of the account, and on November 2, 1875, J. G. Ogden and G. P. Thruston, as the beneficial owners, in trust for the People's Bank, of judgments against the Knight Brothers, recovered by J. G. Ogden, trustee, in 1871, filed the second bill to subject to the satisfaction of their judgments the interest of the Knight Brothers in the partnership effects of Ogden Brothers, and in any recovery which might be had in the original cause. To this bill the

Knight Brothers put in an answer, which they also undertake to file as a cross-bill against the complainants, J. G. Ogden and Thruston, and against their co-defendants, W. H. Ogden and A. S. Ogden. This answer and cross-bill admits the recovery of judgments against the Knight Brothers, as charged, but insists upon proof of the interest of J. S. Ogden and Thruston therein, as trustees. There is a detail of certain facts, upon which is based the charge that J. S. Ogden has been and is acting in collusion with his brothers, W. H. and A. S. Ogden, and ".that the filing of the bill in the present case is a fraud, and designed to take the property of Knight Brothers in the concern of Ogden Brothers from under the security afforded by the bond executed by A. S. Ogden upon the dissolution of the injunction " in the first cause. One prayer of the answer filed as a cross-bill is, that this cause be consolidated and heard with the cause of *Knight Brothers* v. *Ogden Brothers*.

The books of equity practice are entirely silent on the subject of consolidating causes in this court, from which fact the inference may be fairly drawn that no such practice exists. In *Keighley* v. *Brown*, 16 Ves. 344, Sir Samuel Romilly argued in support of a motion of consolidation made by the defendants in several suits by a rector for an account of tithes, the motion being made as of course. But Lord Eldon was manifestly ignorant of any practice of consolidating causes in equity, for he said: "I will consult some of the barons of the exchequer upon this point, not seeing my way very clearly to determine what ought to be the practice here." On a subsequent day, he said he had mentioned the point to Baron Thompson, who had no idea that the order was of course in the Court of Exchequer, though sometimes made under special circumstances. The order was, therefore, not made. The note to this case is as follows: " There are cases, no doubt, in which the Court of Exchequer has ordered several causes, brought for the same matters, involving the like questions, and seeking the

same relief, to be consolidated. *Scott* v. *Allgood*, cited in 1 Fowler Ex. Pr. 81; *Mason* v. *Croft*, and *Pyke* v. *Brook*, id. 214. But this court, both when sitting as a court of law and when sitting as a court of equity, has, in later cases, disapproved that practice. *Le Jeune* v. *Sheridan*, For. Ex. 31; *Foreman* v. *Blake*, 7 Price, 654; *Foreman* v. *Southwood*, 8 Price, 575." In *Foreman* v. *Blake*, Chief Baron Richards said: " I have never heard of an order, in the course of my experience, for consolidating causes in equity, nor can I conceive upon what principle it can be done." *The Warden and Fellows of Manchester College* v. *Isherwood*, 2 Sim. 476, was a case where the plaintiffs had filed sixteen bills for tithes against different persons, who made the same defence, and moved for the consolidation of the causes. The vice-chancellor reviewed the authorities, concluding thus: " It is evident, therefore, that neither in this court nor in the Court of Exchequer has the practice prevailed of compelling the plaintiff to consolidate his different suits against several defendants; and the present motion, being a mere experiment in opposition to practice, must be refused, with costs." In *Cumming* v. *Slater*, 1 Y. & C. C. C. 484, the vice-chancellor refused to make a decree for accounts, it appearing that in another suit a decree for the same accounts had been rendered, the plaintiff in this suit being by the decree an acting party in the other, and directed the cause to stand over and come on with the other suit, upon the hearing of that cause on further directions. But in *Godfrey* v. *Maw*, 2 Sim. 485, the same learned judge refused to extend the rule to cases where the two suits were between the same parties and involved the same subject-matter, the frame of the two suits, and the relative position of the parties to each, not being the same. And see *Wendell* v. *Wendell*, 3 Paige, 509, where the chancellor held that one of two bills of foreclosure was unnecessary, and refused to allow the heirs of the mortgageor to be charged with the costs of more than

one, giving the solicitor, who was the same in both suits, leave to elect in which suit he would take the decree. These latter cases indicate the mode in which the court, without consolidation, may control unnecessary litigation. In *Burnham* v. *Dalling*, 1 C. E. Green, 310, Chancellor Green expressed the opinion that a court of equity had the power to consolidate causes, with or without the consent of the complainant, and he ordered three suits of three different wards against the same guardian, *after a decree rendered in each case*, at the instance of complainants, to be consolidated for the purpose of taking the accounts, *there being a written consent to the consolidation.* The chancellor's opinion as to the power of the court was, consequently, a mere *dictum.* He concedes that, even at law, the mode of consolidation is not by uniting the several actions in one record. *Clason* v. *Church*, 1 Johns. Cas. 29. And our Supreme Court has held that the consolidation of causes, partly by consent, and partly by order of the court acquiesced in by the parties, does not change the rules of equity pleading, nor the rights of the parties, and that these rights must still turn on the pleadings, proof, and proceedings of their respective suits. *Brevard* v. *Summar*, 2 Heisk. 105 ; *Lofland* v. *Coward*, 12 Heisk. 546.

The general rule undoubtedly is, that every suitor shall be at liberty to conduct his suit as he may be advised. The court ought to have no authority to hamper him by tying him on to other parties, compelling him to await their action, or be subject to the delays incident to their judgment, their whim, or their fate, as by death or marriage. There is even less reason for forcing defendants, against their wishes, into a boat with others ; for, having been brought into court by one party, they may well say, We prefer to fight it out with that party. Nor is there any particular advantage to be gained by a consolidation *in invitum*, where each record must, after all, be kept separate, and stand or fall on its own merits. Such matters should be left exclu-

sively to the parties, whose self-interest will dictate a better agreement for both than the court can force upon either. And the matter of costs is always in the discretion of the court, to be used so as to prevent a multiplicity of suits and decrees from proving profitable, where such multiplicity is possible. The less the parties are interfered with by the court, in the exercise of their legitimate rights, the better. For it will limit the appeals to the discretionary intervention of the court, — often a dangerous and always a disagreeable duty. It will, moreover, tend to confine litigation within narrower limits, secure simplicity, and prevent confusion. I am of opinion that the Court of Chancery has no power to interfere with the rights of the parties, *in invitum*, by an order consolidating independent suits, of purely equitable cognizance. And if, in the breaking-down of the lines of distinction between law and equity, and the blending the jurisdiction of the courts, cases should arise which, in analogy to the rule at law, might be consolidated, the exercise of such power should be declined, except in extreme and clear cases.

There is no pretence of necessity in the present instance. Each of these suits is, in its nature, entirely separate and distinct, and may be much more readily disposed of by itself than if blended with the other into one incongruous record, in which the latter end of each will be certain to forget its beginning. The motion to consolidate is refused.