## *In re* STRUTZKOBER'S ESTATE.

### *In re* KUNKEL.

(*Supreme Court, General Term, First Department.*   April 17, 1891.)

EXECUTORS AND ADMINISTRATORS—APPOINTMENT.

Under 3 Rev. St. N. Y. (6th Ed.) pp. 77, 78, §§ 31, 33, providing that a husband shall be entitled to the administration of his deceased wife's estate in preference to any other person, and that, "if he shall die leaving any assets of his wife unadministered, they shall pass to his executors or administrators, as part of his personal estate," where a husband died, leaving part of the assets of his deceased wife unadministered, the husband's executor is entitled to the administration on such unadministered estate.

Appeal from surrogate's court, New York county.

Application by Mary Kunkel for letters of administration on the unadministered portion of the estate of Katharina Strutzkober, deceased.   The application was granted, and the public administrator appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Frank W. Arnold,* for appellant.   *John Fennel,* for respondent.

DANIELS, J.   The deceased intestate, Katharina Strutzkober, left no descendant, but left her husband surviving her, to whom letters of administration upon her personal estate were issued.   He afterwards died, leaving a part of that estate unadministered.   The value of the part so left has not been stated. but, as the whole estate was of no greater value than the sum of $64.19, the residue still remaining to be administered is probably so small as to have rendered it the duty of the public administrator to have acquiesced in the decision of the surrogate, and thereby avoided the danger of wasting it in unnecessary litigation.   The petitioner for the letters on this unadministered estate, and to whom they were directed to be issued, is the sole legatee of the deceased husband, and the executrix of his estate, to whom letters testamentary

have already been issued by the surrogate, and it was evidently under the impression that letters of administration on the unadministered estate of the wife were still necessary to complete her authority that she made the application which was presented in her behalf. Whether that view was well founded or not it is not necessary now to decide, for under no justifiable construction of the statute did the public administrator become entitled to such letters. That clearly follows from the language of the statute declaring that, "in case of a married woman dying intestate, her husband shall be entitled to administration, in preference to any other person, as hereinafter provided." The further provision in this manner referred to declares the husband, when otherwise competent, to be solely entitled to administration on the estate of his deceased wife, and to be liable for her debts to the extent of the assets received by him; and it then proceeds: "If he shall die, leaving any assets of his wife unadministered, they shall pass to his executors or administrators, as part of his personal estate, but shall be liable for her debts in preference to the creditors of the husband." 3 Rev. St. (6th Ed.) pp. 77, 78, §§ 31, 33. The effect of these provisions was to vest the unadministered estate of the wife in the executrix of the husband by virtue of her appointment to that office; and it would be plainly inconsistent with that vesting to appoint another person to administer it. For the plain intent of the law, by vesting the estate in her as executrix, was to empower her, and also to render it her duty, to administer it. And so it was considered by the chancellor, maintaining the power of the personal representative of the husband to collect the outstanding obligations of the estate of his deceased wife, in *Roosevelt* v. *Ellithorp*, 10 Paige, 415, 419, 420, and *Lockwood* v. *Stockholm*, 11 Paige, 87, 91, 92. Her personal estate vested in her husband at the time of her decease, through his right of administration, for his own exclusive benefit, after the payment of her debts. This was the common law, perpetuated by the statute, and it was not changed where the wife left no descendants, by anything contained in chapter 782, Laws 1867. *Barnes* v. *Underwood*, 47 N. Y. 351. And all that he left unadministered vested in his personal representative, after his own decease, as part of his own personal estate. And that letters may be issued to his representative, for the administration of the part of the wife's estate left unadministered by him, was held in the *Case of Harvey*, 3 Redf. Sur. 214, which, in a note added to the report of the decision, is stated to have been affirmed by the general term in this department. A different conclusion appears to have been adopted by the surrogate of Livingston county, in *Re O'Niel*, 2 Redf. Sur. 544. But as this was not consistent with the provisions of the statute, and was, in effect, overruled in the later case just mentioned, it cannot be permitted to apply to the disposition of this appeal. The surrogate was plainly right in refusing letters to the public administrator, and his decision should be affirmed, without costs.

VAN BRUNT, P. J. I concur. I do not think the cases cited in 2 or 3 Redf. Sur. are to be considered as any more authority upon the question involved than was the decision of the surrogate in the case at bar.